**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **KELLY SHOFNER**, *et al.*, | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. 26-931** |
| **SHENYANG DADONG DISTRICT PEOPLE'S COURT**, *et al.*, | |
| **Defendants.** | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Proceeding *pro se*, Plaintiffs Kelly and Joseph Shofner bring this action arising from an early-education investment project in Shenyang, China, asserting claims under the Foreign Sovereign Immunities Act, the Alien Tort Statute, and the Torture Victim Protection Act.  <u>See</u> ECF No. 1 (Compl.) at 1–4.  Plaintiffs previously sought to place am unredacted Complaint and voluminous exhibits under seal while leaving on the public docket only an eight-page pleading largely devoid of substantive allegations.  <u>See</u> ECF Nos. 2, 5 (Prior Sealing Mots.).  The Court denied that request without prejudice.  <u>See</u> ECF No. 9 (Mem. Op. & Order).  It explained that any renewed submission should pair "a single operative Complaint filed on the public docket, containing targeted redactions limited to particularized categories of sensitive information," with an unredacted version of that same Complaint under seal.  <u>Id.</u> at 7.

Plaintiffs have now taken that route.  Their first renewed Motion seeks to maintain an unredacted Complaint under seal while publicly filing a version that redacts only discrete identifying, financial, and locational information.  <u>See</u> ECF No. 10 (Compl. Sealing Mot.) at 1–4.  Their second seeks similar treatment for a Supplemental Complaint, along with a host of

1

exhibits and other filings.  See ECF No. 11 (Records Sealing Mot.).  Because the renewed request concerning the operative pleadings remedies the principal defect the Court previously identified, the Court will grant the first Motion and grant the second in part.  The remaining requests concerning exhibits and ancillary filings are better left to the District Judge assigned to this matter.

## I.    Legal Standard

Generally, a plaintiff or petitioner filing a civil action must identify the parties and file on the public docket.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  "The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings."  Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)).  When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980).  Those factors are:

> (1) the need for public access to the documents at issue;
> (2) the extent of previous public access to the documents;
> (3) the fact that someone has objected to disclosure, and the identity of that person;
> (4) the strength of any property and privacy interests asserted;
> (5) the possibility of prejudice to those opposing disclosure; and
> (6) the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

## II.    Analysis

### A.  Complaint

Plaintiffs' renewed proposal looks markedly different from their prior attempt.  The earlier public Complaint was a shell that directed readers to a separate, largely secret pleading for the allegations underlying Plaintiffs' claims.  See Mem. Op. & Order at 2–4.  In contrast, the

proposed public Complaint now contains a more robust presentation of the factual narrative, legal claims, and jurisdictional bases, with redactions confined to five categories of identifying or sensitive information.  See Compl. Sealing Mot. at 1–4; cf. Monbo v. United States, 2023 WL 7129866, at *1 (D.D.C. Sept. 7, 2023) (crediting targeted redactions that preserved public access to nonconfidential material).

That change alters the Hubbard balance.  The first and sixth factors generally favor access to a complaint because it invokes the Court's jurisdiction and supplies the allegations on which the litigation proceeds.  See United States ex rel. Durham v. Prospect Waterproofing, Inc., 818 F. Supp. 2d 64, 67, 69 (D.D.C. 2011); Vanda Pharms., Inc. v. FDA, 539 F. Supp. 3d 44, 52–53, 57 (D.D.C. 2021).  Plaintiffs no longer ask to conceal that substance.  Their public version leaves the claims, theories of liability, and allegations concerning Defendants available for public inspection while excising only discrete identifying details.  Where a party seeks to redact only portions of a pleading that do not bear on the claims themselves, the access interest is correspondingly diminished.  See United States v. Harris, 204 F. Supp. 3d 10, 17–18 (D.D.C. 2016) (presumption of access reduced where redacted material does not significantly implicate "central claims of the litigation"); Doe v. Am. Univ., 2026 WL 872931, at *4 (D.D.C. Mar. 31, 2026) (approving minimal redactions that left the underlying claims publicly accessible).

The remaining factors likewise support the limited relief sought.  Plaintiffs represent that the particular information now withheld has not previously been publicly disclosed, rendering the second factor neutral.  See Compl. Sealing Mot. at 5; CNN v. FBI, 984 F.3d 114, 119 (D.C. Cir. 2021); United States ex rel. Grover v. Related Cos., 4 F. Supp. 3d 21, 26 (D.D.C. 2013). The third favors sealing because Plaintiffs themselves object to disclosure.  See Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010).  And the fourth favors the proposed

3

redactions, which concern identifying information about a nonparty family member and witnesses in China, Plaintiffs' residential and contact information, precise financial figures, and particular location information that Plaintiffs contend could facilitate harassment. See Compl. Sealing Mot. at 3–4. Hubbard itself recognized that valid privacy interests may attach to information revealing "the intimate details of individual lives." 650 F.2d at 324. The fifth factor is neutral because Plaintiffs identify no prejudice in future litigation flowing from disclosure. See Compl. Sealing Mot. at 5–6; United States v. All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d 71, 85 (D.D.C. 2020). On balance, the narrow redactions proposed in the public Complaint overcome the presumption of access as to those discrete details.

B.  Supplemental Complaint and Remaining Materials

The second Motion requires a small amount of sorting. It seeks protection for a Supplemental Complaint as well as exhibit lists, underlying exhibits, a notice of new developments, and an emergency motion. See Records Sealing Mot. at 1–8. Because the Supplemental Complaint itself forms part of Plaintiffs' pleadings, the Court will resolve the Motion to that extent.

On that score, some proposed redactions rest on the same interests just discussed. Plaintiffs seek to redact identifying and medical information concerning a nonparty family member, references identifying their minor child, and discrete numerical details of bank transactions. See Records Sealing Mot. at 5–6. Those categories implicate concrete privacy interests, and their removal does not obscure the substance of Plaintiffs' allegations. See, e.g., Doe v. Burrows, 2025 WL 1158071, at *3 (D.D.C. Apr. 21, 2025) (permitting redaction of medical information); Fed. R. Civ. P. 5.2(a). The Court will therefore permit those targeted redactions.

Two other proposed redactions require closer attention, and they come out differently. Plaintiffs first seek to redact the names of specific defense attorneys and their law firms that, Plaintiffs allege, communicated confidential information to them. See Records Sealing Mot. at 6. Although the Motion does not develop the point at length, the interest at stake is apparent from the redaction itself: these individuals are cooperating third parties whose identification on a public docket would expose them to the same retaliation risks that underlie the witness-identity redactions the Court has already approved. Their specific identities, moreover, are not intertwined with Plaintiffs' claims; the proposed substitute preserves the substance of the allegations for public view. Cf. Hubbard, 650 F.2d at 319 ("[W]here a third party's property and privacy rights are at issue the need for minimizing intrusion is especially great . . . ."). The Court will permit that redaction.

The name of the institutional body alleged to have participated in the conduct underlying Plaintiffs' claims stands on the opposite footing. By Plaintiffs' own account, that body "orchestrated the retaliatory arrests" at the center of this suit. See Records Sealing Mot. at 6. Its identity is thus not peripheral detail but the substance of the operative allegations. The stronger the connection between the information and the central claims, the stronger the presumption of access. See Grover, 4 F. Supp. 3d at 28. Plaintiffs must therefore leave that name visible in the public Supplemental Complaint.

The Court will not venture further into the remainder of the second Motion's many proposed redactions. Those requests concern the treatment of exhibits and ancillary filings rather than the Complaint itself. This Court's role in an unassigned matter is limited to resolving a "motion to seal the complaint," LCvR 40.7(f); the document-by-document management of later filings belongs to the District Judge who will oversee the case. See Am. Univ., 2026 WL

872931, at *6 (declining to resolve requests to seal recordings, images, and other materials because doing so "stretches beyond this Court's preliminary review and into the case-management responsibilities" of the assigned judge).  Because the remaining materials are already maintained under seal, they may remain so pending further consideration by that Judge. See LCvR 5.1(h)(1).

### III.   Conclusion

The Court accordingly ORDERS that:

1.   Plaintiffs' [10] Motion to Seal is GRANTED;

2.   Plaintiffs' [11] Motion to Seal is GRANTED IN PART insofar as it seeks to maintain the unredacted Supplemental Complaint under seal, and DENIED IN PART WITHOUT PREJUDICE as to the remaining materials;

3.   Within fourteen days of this Order, Plaintiffs shall file on the public docket public versions of the [10-3] Complaint and [11-2] Supplemental Complaint redacted consistent with this Opinion; and

4.   The unredacted versions of the Complaint and Supplemental Complaint, as well as the other materials presently maintained under seal, shall remain sealed subject to any further consideration by the United States District Judge to whom this case is randomly assigned.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  August 8, 2026

6